IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK HICKLES,

    Plaintiff,

    v.

KIRSTEN JOHNSON, JOEL SHIRCK,
NICK BALDWIN, DAVID BENSON,
BARBARA LEWIS, MATTHEW DELMORE,
ERIN LUND, ROBIN STOPPENBACH,
CHAPLAIN TRAVIS NELSON and 1-64
JOHN AND JANE DOES STAFF AT (SRSTC),

    Defendants.

ORDER

Case No. 24-cv-442-wmc

On July 12, 2024, I entered an order assessing plaintiff Mark Hickles an initial partial payment of the filing fee. Dkt. 5. Now plaintiff has filed a response to that order and a motion to waive the initial partial payment. Dkt. 6. Plaintiff writes that he sent over $1,000 to family members and does not have the means to pay. He also contends that, as a patient, not a prisoner, he cannot be required to pay. I will deny his motion to waive the initial partial payment for the following reasons:

As a patient at the Sand Ridge Secure Treatment Center, plaintiff is not subject to the Prison Litigation Reform Act. *See Hedgespeth, Jr. v. Watters*, No. 08-cv-410-slc, 2008 WL 3926371 at 1 (W.D. Wisconsin 2008). However, this court has adopted the PLRA's formula for determining indigence for all institutionalized persons, even patients. *Id*. The filing fee applies to all civil litigants. A grant of leave to proceed *in forma pauperis* does not eliminate the filing fee, it simply permits a litigant to proceed

without prepaying the full amount. *Id*. Unlike prisoners, patients may pay the remainder in any increments they wish and at such time as they can afford to do so. *Id*. The collection provision in 28 U.S.C. § 1915(b)(2) does not apply to them, but even a patient must prepay *an* amount if the court determines that a patient has the means. *Id*. In this court, that determination is based on a patient's six-month resident account statement.

In calculating the initial partial payment in this case, I used the account statement that plaintiff submitted on July 11, 2024. Dkt. 4. I determined that his average monthly balance was $489.50, including bi-weekly patient payroll deposits. Twenty percent of $489.50 is $97.90.

I will deny the motion to waive the initial partial payment, but I will give plaintiff additional time to make the payment. Plaintiff may have until September 27, 2024, to submit a check or money order in the amount of $97.90. No further action will be taken in this case until the clerk's office receives the initial partial payment as directed. If plaintiff fails to make the initial partial payment on time, or fails to show cause why he could not do so, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless plaintiff makes a showing that he is entitled to relief under Federal Rule of Civil Procedure 60(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Mark Hickles' motion to waive the initial partial filing fee is DENIED.

2. Plaintiff may have an extension of time, until September 27, 2024, to submit a check or money order payable to the Clerk of Court in the amount of $97.90.

3. If plaintiff fails to make the initial partial payment by September 27, 2024, or fails to show cause why he could not do so, then I will assume that he wishes to withdraw this case voluntarily. In that event, the case will be dismissed without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i).

4. If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless plaintiff makes a showing that he is entitled to relief under Fed. R. Civ. P. 60(b).

Entered this 26th day of August, 2024.

BY THE COURT:

ANDREW R. WISEMAN
United States Magistrate Judge